**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PETER J. CRESCI,<br><br>          Plaintiff,<br><br>  v.<br><br>TIMOTHY J. McNAMARA, CHARLES CENTINARO, and OFFICE OF ATTORNEY ETHICS,<br><br>          Defendants. | No. 18cv16207 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

  Plaintiff Peter Cresci alleges Defendants Timothy McNamara, Charles Centinaro, and their employer, Office of Attorney Ethics ("OAE"), filed ethical charges and suspended his law license in retaliation against him and violated his civil rights. D.E. 1 ("Complaint"). Defendants were served on December 15, 2022, and failed to timely answer the Complaint within 14 days of service. *See* D.E. 18 (demonstrating proof of service). Cresci requested default against all Defendants, which the Clerk entered. D.Es. 21-23. Cresci then moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). D.E. 27 ("Default Judgment Motion"). Defendants' counsel responded that counsel only recently learned of this case and requested an extension to respond to the Default Judgment Motion, which the Court granted. *See* D.Es. 28, 30.

  Defendants then cross-moved to vacate default pursuant to Federal Rule of Civil Procedure 55(c) and sought an extension to answer. D.E. 29 ("Vacatur Motion" or "Vacatur Mot.").

  To determine whether to vacate default, courts will consider whether (1) the plaintiff will be prejudiced, (2) the default was the result of the defendant's culpable conduct, and (3) the

defendant has a meritorious defense. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984); Fed. R. Civ. P. 55(c) (A court may vacate "an entry of default for good cause[] . . . ."). Cresci agrees the first two considerations favor granting default and opposes only on the ground that Defendants have not answered the Complaint. *See generally* D.E. 32 ("Cresci Reply") (citing Fed. R. Civ. P. 55(a), (b)(2)). Thus, Cresci requests that the Court, in its discretion, first require Defendants to answer. *Id.* at 4.

However, Federal Rule of Civil Procedure 55 does not require, nor does Cresci cite anything to support, that a defendant must answer the complaint prior to the Court vacating default. Indeed, a defendant moving to vacate default may, like here, seek leave to answer if default is vacated. *See, e.g.*, *Accurate Abstracts, LLC v. Havas Edge, LLC*, 2016 WL 7115894, at *2-3 (D.N.J. Apr. 21, 2016) (footnote omitted) (vacating default and granting leave to answer). Rather, a defendant is only required to set forth, with some specificity, a defense that is not facially unmeritorious. *See id.* at *2 n.2 (citing *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987)). Here, Defendants set forth their defenses in the Vacatur Motion, arguing that Cresci's claims against all Defendants are barred as a matter of law. Vacatur Mot. at 8-10. Specifically, Defendants detail why Cresci's claims against Defendants McNamara and Centinaro are barred by quasi-judicial immunity and prosecutorial immunity[1] and why the claims against OAE are barred by Eleventh Amendment sovereign immunity. *See id.* These defenses, if established, would constitute a complete defense to Cresci's claims, and are thus facially meritorious. *See J Supor & Son Trucking & Riggins Co. v. Kenworth Truck Co.*, 791 Fed. App'x 308, 316 (3d Cir. 2019) (finding the defendant's defense that all claims against it were barred by the parties' contract was

---

[1] Defendants argue that McNamara and Centinaro were acting as arms of the state and in a prosecutorial nature when investigating Cresci's actions that resulted in his disbarment. *See* Vacatur Mot. at 8-10.

2

facially meritorious).  Notably, Cresci does not address nor object to the sufficiency of Defendants' defenses.  *See generally* Cresci Reply.

Because "the interests of justice are best served by obtaining a decision on the merits," courts strongly disfavor default and have wide discretion to vacate entries of default.  *Accurate Abstracts*, 2016 WL 7115894, at *1 (internal quotation marks omitted).  Any "doubtful cases" must "be resolved in favor of the party moving to [vacate] . . . the default . . . ."  *$55,518.05 in U.S. Currency*, 728 F.2d at 194-95 (internal quotation marks omitted).

Accordingly,

**IT IS**, on this **19th** day of **October** 2023,

**ORDERED** that Defendants' Vacatur Motion (D.E. 29) is **GRANTED** and default is **VACATED**; and it is further

**ORDERED** that Cresci's Default Judgment Motion (D.E. 27) is **DENIED**; and it is finally

**ORDERED** that Defendants shall **ANSWER** the Complaint within 30 days of this Order.

Dated: October 19, 2023

Evelyn Padin, U.S.D.J.