**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

PETER J. CRESCI,

     Plaintiff,

     v.

TIMOTHY J. MCNAMARA, *et al*.,

     Defendants.

---

No. 18cv16207 (EP) (JSA)

**OPINION**

**PADIN, District Judge.**

     Plaintiff Peter J. Cresci, a disbarred attorney,[1] alleges Defendants Timothy J. McNamara, Charles Centinaro, and the Office of Attorney Ethics ("OAE")[2] filed ethical charges and suspended his law license in retaliation against him and in violation of his civil rights.  D.E. 40 ("Amended Complaint" or "Am. Compl.").  Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  D.E. 45 ("Motion" or "Mot."); D.E. 45-1 ("Br.").  Cresci opposes.  D.E. 47 ("Opp'n").  Defendants reply.  D.E. 48 ("Reply"). The Court decides the matter without oral argument.  *See* Fed. R. Civ. P. 78; L.Civ.R.78.1(b).  For the reasons below, the Court will **GRANT** Defendants' Motion and **DISMISS** the Amended Complaint.

---

[1] Cresci repeatedly signs his papers as "Esq." and refers to himself as an attorney when he is not, in fact, a practicing attorney in New Jersey.  Whatever objections Cresci may have to his disciplinary outcome, New Jersey disbarred him in 2019.  *In re Cresci*, 237 N.J. 210 (2019).

[2] Defendants Johns Does 1-5, Jane Does 1-3, and ABC Corp 1-3 are also named in the Amended Complaint.

I.     **BACKGROUND**[3]

Cresci is a former attorney who was disbarred in 2019.  *See supra* n.1.  In the years prior to this lawsuit, Cresci served as a Confidential Informant ("CI") for the Federal Bureau of Investigation ("FBI") for several unspecified matters relating to the City of Bayonne and County of Hudson.  Am. Compl. ¶ 6.  He also served as a witness in unspecified New Jersey state criminal investigations involving the same.  *Id.* ¶ 7.  Cresci formerly worked as a civil rights attorney for a law firm which frequently sued the City of Bayonne, County of Hudson, and other institutions and individuals.  *Id.* ¶ 8.  On or about August 5, 2016, he filed a complaint ("2016 Complaint") against the same Defendants here, and others, alleging conspiracy, retaliation, and reprisal in violation of state and federal law.  *Id.* ¶ 9.  Cresci also alleges that Defendants McNamara and Centinaro abused their positions.  *Id.* ¶¶ 14A.-14B.

Defendants filed motions to disqualify Cresci in the two years prior to this lawsuit's filing.  *Id.* ¶ 10A.  Cresci alleges that Defendants filed ethics charges against him in "an attempt to eviscerate and coerce Plaintiff off lawsuits" that were filed.  *Id.* ¶ 10.  He does not specify which lawsuits this refers to.  He states that all ethics charges filed against him after commencement of the 2016 Complaint were dismissed and that Defendants attempted to hide the identity of the Complainant.  *Id.* ¶ 11.

Defendants allegedly intended to disbar Cresci, despite Defendant McNamara stating on April 19, 2016 and March 21, 2016 (under oath) that "we don't have a complaint about Mr. Cresci but we will find one."  *Id.* ¶ 10C.  Cresci does not specify where these statements were purportedly

---

[3] The facts in this section are taken from the well-pled factual allegations in the Amended Complaint, which the Court presumes to be true for purposes of resolving the motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Cresci's Amended Complaint supersedes his original Complaint.  *See Asphalt Paving Sys., Inc. v. Gen. Combustion Corp*., No. 13-7318, 2014 WL 12694205, at *1 (D.N.J. Mar. 5, 2014).

made.  Cresci also states "written communications to an individual from Pennsylvania was advised that 'we are moving to disbar Mr. Cresci.'"  *Id.*  Defendant McNamara allegedly told a third party that "Cresci would be better to resign his law license or something terrible would happen" after the 2016 Complaint was stayed and prior to any OAE complaint filing.  *Id.* ¶ 18.

Cresci also states that "individuals and entities" filed ethics grievances and the individual Defendants sought to freeze Cresci's bank assets "without providing any documentation, information, or notice of this illegal taking."  *Id.* ¶ 13.  These actions were purportedly taken because the "filing of ethical complaints did not present the outcome desired."  *Id.*  Cresci further alleges that Cresci's funds were unlawfully seized after Defendant McNamara falsified an order "adding a checking account which had no relevance to any case."  *Id.* ¶¶ 13-13A.  Cresci does not specify what order this is.  Cresci's banking records were allegedly obtained illegally by Defendants, who searched for Plaintiff's clients.  *Id.* ¶ 15.  Defendants allegedly sent solicitation letters to Cresci's previous clients, including one that "was turned over to the [FBI] during the filing of the federal criminal complaint, and FTC complaint, filed in 2013, 2016, and 2018."  *Id.*  Cresci also alleges that Defendants conferred with the retired Hon. Jose L. Linares, U.S.D.J., to "change[]" this Court's local rules to prevent Cresci from practicing here.  *Id.* ¶ 10B.  Cresci states that Defendants conspired with employees in other jurisdictions to prevent him from practicing the law.  *Id.*

Cresci broadly states that Defendants filed frivolous complaints against him, interfering with his professional contracts and governmental responsibilities to "besmirch [his] good name and reputation."  *Id.* ¶ 16.  He states that Defendant McNamara violated OAE rules, procedures, and guidelines when investigating grievances five years late by "re-investigating what Janice Rich[t]er performed and dismissed" on various occasions.  *Id.* ¶ 17.  Defendant McNamara

purportedly stated that OAE's rules and procedures do not need to be followed. *Id.* Defendants McNamara and Centinaro conspired to violate Cresci's civil rights through 2018 and attempted to file criminal charges against him. *Id.* ¶ 19A. The foregoing Defendants allegedly extorted people, including attorneys, with information about Cresci if "they did not sign statements under duress and coercion." *Id.* ¶ 19B. Cresci brings a bevy of federal and state law claims against Defendants. Construing the Amended Complaint in the light most favorable to the Plaintiff, the Court summarizes Cresci's claims as follows:

1. **Count I**:[4] Section 1983 (First Amendment Retaliation)[5]

2. **Count II**: Section 1983 (False Arrest)[6]

3. **Count III**: Section 1983 (Malicious Prosecution)

4. **Count IV**: Section 1983 (Malicious Abuse of Process)

5. **Count V**: Section 1985 Conspiracy[7]

6. **Count VI**: Fair Debt Collection Practices Act ("FDCPA") Violation

7. **Count VII**: 15 U.S.C. §§6821-6823

8. **Count VIII**: New Jersey Racketeer Influenced and Corrupt Organizations Act, N.J.S.A. § 2C:41-2(c) ("RICO")

9. **Count IX**: New Jersey Civil Rights Act ("NJCRA") (Retaliation)

---

[4] For ease, although Cresci lists each count with letters, the Court will do so with numbers. In Count A, Cresci broadly lists "Retaliation for Engaging in Protected Activity/Free Speech/Chilling Effect, 42 U.S.C. § 1983; First, Fourth, & Fourteenth Amendments; New Jersey Civil Rights Act N.J.S.A. § 10:6-2, et. seq.; & New Jersey Constitution," which the Court breaks down into individual counts. Am. Compl. ¶¶ 23-29.

[5] The allegations in Count E appear to refer to the First Amendment retaliation claim. *Id.* ¶¶ 47-53.

[6] The allegations in Count B appear to refer to the false arrest claim. *Id.* ¶¶ 30-33. The same is true of Count C. *Id.* ¶¶ 34-40.

[7] The allegations in Count J appear to refer to the Section 1985 conspiracy claim. *Id.* ¶¶ 80-87.

10. **Count X:** NJCRA False Arrest

11. **Count XI:** NJCRA Malicious Prosecution

12. **Count XII:** NJCRA Malicious Abuse of Process

## II.    LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To survive a Rule 12(b)(6) challenge, a plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Finally, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In addition, Defendants' argument that they are immune from suit based on the Eleventh Amendment is construed as "a facial challenge to the amended complaint's jurisdictional basis."

*Abulkhair v. Office of Att'y Ethics*, No. 16-3767, 2018 WL 1352065, at *4 (D.N.J. Mar. 15, 2018), *aff'd* 753 F. App'x 132.  Pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuading the court that subject matter jurisdiction exists.  *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).  The basis of a facial attack is that a claim on its face "is insufficient to invoke the subject matter jurisdiction of the court."  *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  A court reviewing a facial attack pursuant to Rule 12(b)(1) must "consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Id.*  Under a factual attack, the party challenges the trial court's "very power to hear the case" and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## III.   ANALYSIS

### A.  Defendants McNamara and Centinaro Have Quasi-Judicial Immunity

Defendants make numerous immunity arguments, including that they are entitled to quasi-judicial immunity, absolute prosecutorial immunity, and absolute immunity under New Jersey Court Rule 1:20-7(e).  Br. at 17-21.[8]  Quasi-judicial immunity "is a doctrine under which government actors whose acts are relevantly similar to judging are immune from suit" and attaches "when a public official's role is functionally comparable to that of a judge."  *Dotzel v. Ashbridge*, 438 F.3d 320, 325 (3d Cir. 2006) (cleaned up).  "It is clear beyond doubt that the New Jersey Supreme Court considers its bar disciplinary proceedings as 'judicial in nature.'"  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34 (1982).  "Because a state grievance

---

[8] The Court need not address all immunity arguments as it finds quasi-judicial immunity applies.

committee acts 'as a quasi-judicial body,' its members are entitled to quasi-judicial immunity." *Feng Li v. Rabner*, No. 15-2484, 2015 WL 1822795, at *4 (S.D.N.Y. Apr. 22, 2015) (dismissing claims against attorney from Office of Ethics Counsel insofar as defendant was named for involvement in disbarment action).

Cresci's allegations, to the extent the Court can discern, primarily revolve around the initiation of ethics proceedings against him. *See* Am. Compl. ¶ 10 ("defendants . . . have filed charges of a ethical nature"); *id.* ¶ 10A. ("motions to disqualify were filed against Plaintiff Cresci"); *id.* ¶ 11 ("In each of the instances in which ethical charges were filed against Plaintiff . . ."); *id.* ¶ 13 ("[T]he individuals and entities thought it best to solicit and file a series of ethics grievances to the office for which Defendant Centinaro is Director."); *id.* ¶ 21 ("The Defendant McNamara, Defendant Centinaro, Defendant OAE initiated proceedings in bad faith . . . . Their actions led to the Plaintiff being temporarily suspended from the practice of law in New Jersey[.]"). All counts incorporate these allegations about the ethics proceedings, and quasi-judicial immunity applies to *those* actions of Defendants McNamara and Centinaro in their personal capacities. *Steinberg v. Penn. State Bd. of Pharmacy*, No. 21-1652, 2022 WL 2806722, at *4 (M.D. Pa. July 18, 2022) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Someone with quasi-judicial immunity is absolutely immune from money damages in their personal capacity.").  Therefore, allegations about the ethics proceedings cannot form the basis for any of Cresci's claims.

However, Cresci peppers his claims with other, unrelated, allegations.  Those allegations fail to state a claim.

## B.  Cresci Fails to State Any Cognizable Claim

Cresci's allegations lack basic information, including dates, individuals, or other details explaining Defendants' alleged rights violations.  For example, Cresci, in conclusory fashion,

states that "Defendants intended to confine Plaintiff" and that he "did not consent to the confinement." Am. Compl. ¶ 36. The Court cannot discern what confinement Cresci refers to; where, when, or any other context. The same is true of his other conclusory allegations. As such, he has failed to even satisfy the Rule 8(a)(2) "short and plain statement" standard showing that he is entitled to relief. *Phillips*, 515 F.3d at 234.[9] Cresci will have 30 days to further amend the Complaint to the extent there are facts *outside* of the ethics proceedings that pertain to these claims.

### a. *Cresci fails to state any Section 1983 Claim*

Cresci fails to state a claim in Count I. To prevail on a First Amendment retaliation claim under 42 U.S.C. § 1983, plaintiffs must show "(1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). Cresci alleges that Defendant McNamara "unlawfully criminally complained Plaintiff." Am. Compl. ¶ 24. The Court cannot discern what this refers to from the Amended Complaint. He later broadly discusses Defendants' actions against Plaintiff, taken "in part because of Plaintiff's speech, actions representing clients, and representing companies against Defendants, and their families and friends." *Id.* ¶ 49. To the extent these "actions" refer to the ethics proceedings, as noted above, Defendants are shielded by quasi-judicial immunity and any § 1983 claims stemming from those proceedings are dismissed *with prejudice*. However, to the extent that Cresci alleges any conduct unrelated to those proceedings, he does not adequately plead any retaliation. The Court will **DISMISS** Count I *without prejudice*.

---

[9] Due to Cresci's deficient pleadings, it is also not possible to discern whether relevant statutes of limitations have tolled.

Cresci also fails to state claims in Counts II, III, and IV. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). Cresci broadly refers to—in varying forms—a "false detention/imprisonment," but never states when he was allegedly detained, by whom, where, or any other information. Am. Compl. ¶ 35. He has failed to even allege a specific arrest. The Court will **DISMISS** Count II *without prejudice*.

Turning to Counts III and IV, Plaintiffs must show five elements to prove a malicious prosecution claim: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). Again, aside from broadly referring to being "falsely detained." Am. Compl. ¶ 35, and a reference to "the issuance of a summons and complaint for alleged criminal offenses," *id.* ¶ 25, Cresci fails to specify which exact criminal proceeding was initiated and how Defendants initiated it. The analysis is similar for a malicious abuse of process claim, which lies where "prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law." *Napier v. City of New Castle*, 407 F. App'x 578, 582 (3d Cir. 2010) (internal marks and citations omitted). Accordingly, the Court will **DISMISS** Counts III and IV *without prejudice*.

As the NJCRA is interpreted co-extensively with Section 1983, the Court will also **DISMISS** Counts IX, X, XI, and XII *without prejudice*. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011) (collecting cases).

### b. *Cresci fails to state a Section 1985 Claim*

Cresci broadly states that Defendants conspired to violate his civil rights.  Am. Compl. ¶ 54.  He alleges that the ethics complaints were part of a "conspiracy by Defendants to retaliate against him for cooperating in the federal investigation and testifying before federal authority and to deter him and others from testifying in the criminal proceedings[.]"  *Id.* ¶ 81.  Citing the first clause of Section 1985(2), *id.* ¶ 80, Cresci therefore alleges that Defendants conspired "by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified[.]"  *Thomas v. Ford Motor Co.*, 137 F. Supp. 2d 575, 586-87 (D.N.J. 2001).  It is not clear which proceedings Cresci allegedly was prevented from testifying in, and in any event, as explained *supra*, quasi-judicial immunity shields Defendants insofar as the claim derives from their involvement in disciplinary proceedings.  Accordingly, the Court will **DISMISS** Count V *without prejudice*.

### c. *Cresci fails to state an FDCPA claim*

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."  *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).  The FDCPA defines debt collectors as "(1) those involved 'in any business the principal purpose of which is the collection of any debts,' and (2) those 'who regularly collect[ ] or attempt[ ] to collect, directly or indirectly, debts . . . owed or due another.'"  *Ramos v. LVNV Funding, LLC*, 379 F. Supp. 3d 437, 440 (E.D. Pa. 2019) (quoting 15 U.S.C. § 1692a(6)).

Cresci refers to Defendant OAE and non-party "VNB" as debt collectors. Am. Compl. ¶ 57. Construing the Amended Complaint in the light most favorable to the Plaintiff, it appears Cresci's primary allegations as to Defendants McNamara and Centinaro pertaining to this claim are that they "sought an order to freeze Plaintiff's bank assets which were held in a National Bank[.]" *Id.* ¶ 13. He also alleges Defendant McNamara "falsified an Order from Stuart Rabner adding a checking account which had no relevance to any case for which Defendant McNamara." *Id.* ¶ 13A. Cresci's allegations are indecipherable, and he does not adequately plead that Defendants McNamara and Centinaro are debt collectors. To the extent that he ascribes their involvement in ethics proceedings to any monetary seizure, the Defendants are shielded by quasi-judicial immunity. The Court will **DISMISS** Count VI *without prejudice*.

In addition, Defendants are correct that the statute of limitations for bringing an FDCPA claim is one year. Br. at 26 (citing 15 U.S.C. § 1692k(d)); *see also Parker v. Pressler & Pressler, LLP,* 650 F. Supp. 2d 326, 338 (D.N.J. 2009) (citing same) ("An action under the FDCPA must be brought 'within one year from the date on which the violation occurs.'"). As Cresci does not provide clear timelines for any of his claims, the Court cannot determine whether any cognizable FDCPA claim would be time-barred.

d. *There is no private right of action under 15 U.S.C. §§ 6821-6823*

Cresci seemingly concedes there is no private cause of action under § 521 of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6821 *et seq. See* Opp'n at 22 (stating Section 1983 and 1985 and fraud "is the private right of action for violating" the aforementioned). There is not. *See Geyer v. American Advisors Grp.*, No. 17-7336, 2018 WL 466240, at *2 (D.N.J. Jan. 18, 2018). Accordingly, the Court will **DISMISS** Count VII *with prejudice*.

> *e. Cresci fails to state a RICO claim*

"In New Jersey, it is unlawful 'to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) (quoting N.J. Stat. § 2C:41–2(c)). The statute forbids individuals from conspiring to do the same and "confers a private right of action on 'any person damaged in his business or property by reason' of a RICO violation." *Id.* (quoting N.J. Stat. § 2C:41–4). Since the statute requires proof of a "pattern of racketeering activity," the predicate acts must "(1) be related, and (2) pose a threat of continued criminal activity." *Metz v. United Cntys. Bancorp*, 61 F. Supp. 2d 364, 372 (D.N.J. 1999) (cleaned up).

Cresci's allegations of a RICO violation are entirely conclusory. He states that "defendants committed sufficient predicate acts," Am. Compl. ¶ 74, without specifying what acts Defendants committed to constitute "extortion, fraud, misrepresentation, conspiracy to extort" or other violations to "establish a pattern of extortion and racketeering." *Id.* He merely contends that Defendants conspired with each other and additional unnamed co-conspirators "to commit extortion," "violations of the Hobbs Act, 18 U.S.C. § 1951, fraud, as well as interstate commerce." *Id.* ¶ 78. The pleadings fall far short. Accordingly, the Court will **DISMISS** Count VIII *without prejudice*.

### C. OAE Has Eleventh Amendment Immunity and Will Be Dismissed

Defendants argue that all claims against OAE, and against Defendants McNamara and Centinaro in their official capacities, are barred by Eleventh Amendment sovereign immunity. Br. at 22. The Eleventh Amendment immunizes States from certain claims in federal court: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by

Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "Eleventh Amendment immunity extends to the state's agencies or departments, provided that the state is the real party interest" and bars claims for damages. *Garden State Elec. Inspection Servs. Inc. v. Levin*, 144 F. App'x 247, 250 (3d Cir. 2005). New Jersey courts are entitled to Eleventh Amendment immunity, *Kajla v. Cleary*, 821 F. App'x 119, 121 (3d Cir. 2020), and the "OAE is an 'arm' of the New Jersey Supreme Court." *Abulkhair v. Office of Att'y Ethics*, 753 F. App'x 132, 133 n.2 (3d Cir. 2018) (citing *Robertelli v. N.J. Office of Att'y Ethics*, 224 N.J. 470, 134 A.3d 963, 967 (2016)). "Defendants sued in their official capacities are entitled to claim the same Eleventh Amendment immunity that the 'entity, qua entity, may possess.'" *Karns v. Shanahan*, 879 F.3d 504, 519 n.5 (3d Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)).

Eleventh Amendment immunity thus applies to Defendant OAE and its employees, Defendants McNamara and Centinaro. *See Gofan v. Pereksta*, No. 22-3313, 2023 WL 6820659, at *2 (3d Cir. Oct. 17, 2023) (affirming district court's holding that attorney with Office of Attorney Ethics was entitled to Eleventh Amendment immunity). The Court will **DISMISS** Defendant OAE from this action *with prejudice*. The Court will also **DISMISS** all claims against Defendants McNamara and Centinaro in their official capacities *with prejudice*.[10]

There are three common exceptions to Eleventh Amendment immunity: "(1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Garden State*, 144 F. App'x at 252. The only exception that has any bearing on this case is the third, as Cresci seeks declaratory and injunctive relief. However, as Defendants McNamara and Centinaro have quasi-

---

[10] Cresci argues that the foregoing Defendants were not sued in their official capacities. Opp'n at 14.

judicial immunity, they are also immunized from injunctive relief. *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009) ("To the extent [the] complaint can be read to include claims against [defendants] in their individual capacities, they are entitled to quasi-judicial immunity and thus not subject to suit for injunctive relief."). Further, as explained, Cresci fails to state any claims, "upon which relief, prospective or otherwise, can be granted." *Garden State*, 144 F. App'x at 252. Accordingly, no exceptions to Eleventh Amendment immunity apply here.

## IV.   CONCLUSION

For the reasons above, the Court will **GRANT** Defendants' Motion, D.E. 45. Plaintiff will be afforded a final opportunity, within 30 days of this Order, to further amend the Complaint in accordance with this Opinion. An appropriate Order follows.

Dated: June 12, 2024

_____
Evelyn Padin, U.S.D.J.