<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PETER J. CRESCI,<br><br>      Plaintiff,<br><br>v.<br><br>TIMOTHY J. MCNAMARA, *et al.*,<br><br>      Defendants. | No. 18cv16207 (EP) (JSA) |
| PETER J. CRESCI,<br><br>      Plaintiff,<br><br>v.<br><br>JOARRIE AQUINO, *et al.*,<br><br>      Defendants. | No. 13cv4695 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Peter J. Cresci has two pending matters before the undersigned.  In *Cresci v. McNamara, et al.*, No. 18-16207 (the "OAE Case"), he alleges Defendants Timothy J. McNamara, Charles Centinaro, and the Office of Attorney Ethics ("OAE") filed ethics charges and suspended his law license in retaliation against him and in violation of his civil rights.  No. 18-16207, D.E. 40 ("OAE Amended Complaint" or "OAE Am. Compl."). In *Cresci v. Aquino, et al.*, No. 13-4695 (the "Arrest Case"), Cresci alleges that Detectives Joarrie Aquino and Michael A. Signorile, Jr., employees of the Hudson County Prosecutor's Office, obtained a warrant and arrested him on a non-arrestable offense, and that he spent the night in jail as a result.  No. 13-

4695, D.E. 63 ("Arrest Amended Complaint" or "Arrest Am. Compl.").[1] The remaining claims in the Arrest Case are abuse of process and First Amendment retaliation.

Cresci moves for recusal in both cases. No. 18-16207, D.E. 53 ("OAE Motion" or "OAE Mot."), No. 13-4695, D.E. 213 ("Arrest Motion" or "Arrest Mot.") (together, the "Motions"). As Cresci's Motions invoke similar grounds for recusal, the Court decides them together. The Court has reviewed Cresci's submissions and decides the Motions without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons below, the Court will **GRANT** Cresci's Motions.

## I.   BACKGROUND

The Court summarizes Cresci's allegations relevant to the Motions, but otherwise refers to the facts described in its opinions resolving previous motions to dismiss. No. 18-16207, D.E. 49 ("OAE MTD Op."); No. 13-4695, D.E. 81 ("Arrest MTD Op.").

### A.   The OAE Case

In the years prior to the OAE Case, Cresci served as a Confidential Informant for the Federal Bureau of Investigation for several unspecified matters relating to the City of Bayonne and County of Hudson and as a witness in unspecified New Jersey state criminal investigations involving the same. OAE Am. Compl. ¶¶ 6-7. While working as a civil rights attorney, Cresci's law firm frequently sued the City of Bayonne, County of Hudson, and other institutions and individuals. *Id.* ¶ 8. On or about August 5, 2016, he filed a complaint against the same Defendants here, and others, alleging conspiracy, retaliation, and reprisal in violation of state and federal law. *Id.* ¶ 9.

Defendants filed motions to disqualify Cresci in the two years prior to the OAE Case's filing. *Id.* ¶ 10A. Defendants allegedly intended to disbar Cresci, despite Defendant McNamara

---

[1] The Arrest Case was reassigned to the undersigned on November 29, 2023.

stating on April 19, 2016 and March 21, 2016 (under oath) that "we don't have a complaint about Mr. Cresci but we will find one." *Id.* ¶ 10C.  Cresci also states that "individuals and entities" filed ethics grievances and the individual Defendants sought to freeze his bank assets "without providing any documentation, information, or notice of this illegal taking." *Id.* ¶ 13.  Cresci further alleges that his funds were unlawfully seized after Defendant McNamara falsified an order "adding a checking account which had no relevance to any case." *Id.* ¶¶ 13-13A.

Cresci broadly states that Defendants filed frivolous complaints against him, interfering with his professional contracts and governmental responsibilities to "besmirch [his] good name and reputation." *Id.* ¶ 16.  He states that Defendant McNamara violated OAE rules, procedures, and guidelines by re-investigating grievances five years late. *Id.* ¶ 17.

The Court summarized Cresci's claims as follows: Count I: Section 1983 (First Amendment Retaliation); Count II: Section 1983 (False Arrest); Count III: Section 1983 (Malicious Prosecution); Count IV: Section 1983 (Malicious Abuse of Process); Count V: Section 1985 Conspiracy; Count VI: Fair Debt Collection Practices Act ("FDCPA") Violation; Count VII: 15 U.S.C. §§6821-6823; Count VIII: New Jersey Racketeer Influenced and Corrupt Organizations Act, N.J.S.A. § 2C:41-2(c) ("RICO"); Count IX: New Jersey Civil Rights Act ("NJCRA") (Retaliation); Count X: NJCRA False Arrest; Count XI: NJCRA Malicious Prosecution; Count XII: NJCRA Malicious Abuse of Process.  OAE MTD Op. at 4-5.

Defendants moved to dismiss the OAE Amended Complaint.  No. 18-16207, D.E. 45.  The Court granted Defendants' motion, dismissed the OAE Amended Complaint *without prejudice*, and afforded Cresci the opportunity to further amend the OAE Amended Complaint within 30 days.  No. 18-16207, D.E. 50.  The OAE Motion followed.  Defendants do not oppose.  Plaintiff then timely filed a Second Amended Complaint, No. 18-16207, D.E. 56, which Defendants move

3

to dismiss, No. 18-16207, D.E. 59.  The Court does not address the second Motion to Dismiss here.

      **B.**      **The Arrest Case**

As a private attorney, Cresci represented clients suing Defendant County of Hudson (the "County") on several occasions which engendered the hostility of figures such as the former Hudson County Prosecutor and the Mayor.  Arrest Am. Compl. ¶ 20.  A "failed criminal complaint" was brought against Cresci in 2010 and the Assistant Prosecutor assigned to the case was a person Cresci had accused of using a City mechanic to service his personal car.  *Id.* ¶ 21.

On June 10, 2013, a criminal complaint and arrest warrant for third-degree criminal offenses was issued against Cresci.  *Id.* ¶ 24.  With the exception of certain instances irrelevant here, an arrest warrant is not authorized for a third-degree offense.  *Id.*; *see* N.J. Ct. R. 3:3-1(c), (d); *Fields v. City of Salem Police Dep't*, No. 14-1849, 2015 WL 461887, at *3 (D.N.J. Feb. 4, 2015).  The judge who filed the complaint and issued the arrest warrant, Hon. Mitzy Galis-Menendez, had been Cresci's opposing counsel in several civil matters before ascending to the bench.  Arrest Am. Compl. ¶¶ 23-24.

Pursuant to the warrant, Cresci was arrested by Hudson County Prosecutor Office Detectives, Defendants Aquino and Signorile, in a courtroom while he was conducting a medical malpractice trial.  *Id.* ¶ 22.  Aquino inventoried Cresci's personal property and Cresci invoked his right to counsel and made no statement.  *Id.* ¶¶ 27-28.  Signorile brought Cresci before a Superior Court Judge for an initial appearance where he was ordered to surrender his passport and post bond.  *Id.* ¶ 31.  Cresci spent about 25 hours in custody following his arrest on June 10, 2013.  *Id.* ¶¶ 29, 32.  Cresci states he was not provided food or drink for the first 10 hours of his detention

and that he later required medical attention for "burns, cuts, and [b]ruising on his person, as well as medication." *Id.* ¶ 42.

On July 25, 2013, a New Jersey grand jury returned an indictment charging Cresci with the same charges in his criminal complaint: theft in an amount in excess of $500, in violation of N.J. Stat. Ann. 2C:20-3, and forgery, in violation of N.J. Stat. Ann. § 2C:21-1a(2). No. 13-4695, D.E. 65-2 at 5, 8.[2] On September 22, 2015, Cresci pled guilty to a reduced fourth-degree charge of falsifying records, in violation of N.J. Stat. Ann. § 2C:21-4a, and the prosecutor dropped the third-degree theft and forgery charges. No. 13-4695, D.E. 65-2 at 12.[3]

The Arrest Case was originally filed on August 5, 2013 and was administratively terminated pending resolution of the underlying criminal proceedings. No. 13-4695, D.E.s 1, 30. Following that resolution, the Court granted the Defendants' motions to dismiss the original complaint and dismissed the original complaint *without prejudice*. No. 13-4695, D.E. 60. Cresci then filed an Amended Complaint, which the Court subsequently partially dismissed, leaving intact Cresci's abuse of process and First Amendment retaliation claims under 42 U.S.C. § 1983, limited to the Defendants' alleged abuse of the arrest and arrest warrant process. Arrest MTD Op.

Following discovery, and shortly after the Court set a summary judgment briefing schedule, Cresci filed his motion for recusal in the Arrest Case. Arrest Mot. The County opposes. No. 13-4695, D.E. 214 ("Arrest Opp'n"). Cresci replies. No. 13-4695, D.E. 215.

---

[2] As the Court previously explained, it considers the criminal complaint and indictment integral to Cresci's claims, several of which depend on an alleged lack of probable cause. Arrest MTD Op. at 5 n.3, 6 n.5.
[3] As the Court previously explained, the authenticity of Cresci's plea agreement is not disputed and it is integral to his claims. Arrest MTD Op. at 7 n.6.

## II. LEGAL STANDARD

A determination regarding recusal lies within the discretion of the trial judge. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). To comply with the requirements of the Due Process Clause, a judge must recuse herself "when objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 580 U.S. 285, 287 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). However, "most questions concerning a judge's qualifications to hear a case are not constitutional ones." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Two federal statutes govern judicial recusal. *See Partyka v. Meza*, No. 11-3316, 2011 WL 2580105, at *1 (D.N.J. June 27, 2011). Cresci brings these Motions under both.

The first statute, 28 U.S.C. § 455, provides in pertinent part that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id*. at § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist*., 230 F. App'x 189, 193 (3d Cir. 2007) (cleaned up). Judges must also disqualify themselves "[w]here [they have] a personal bias or prejudice concerning a party." § 455(b)(1). Section 455(a) is a "broader, 'catchall' recusal provision that requires disqualification not only where actual partiality exists, but where the judge's consideration of the case risks imparting the appearance of bias." *Lundy v. Yost*, 2007 WL 3256713, at *3 (D.N.J. Nov. 5, 2007) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)).

The second statute, 28 U.S.C. § 144, mandates recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before

whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." A "substantial burden is imposed on the party [seeking recusal under § 144] to demonstrate that the judge is not impartial." *Frolow v. Wilson Sporting Goods Co.*, No. 05-4813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011) (cleaned up). "In satisfying this burden, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable man that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Id.* (citing *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973)).

Affidavits brought pursuant to § 144 must be accompanied by "a certificate of counsel of record stating that it is made in good faith." "[I]f the moving party is proceeding *pro se* . . . the certificate may be signed by any member of the bar of this Court." *Thompson v. Mattleman, Greenberg, Schmerelson, Weinroth & Miller*, No. 93-2290, 1995 WL 318793, at *1 (E.D. Pa. May 25, 1995). Some courts in this district have denied motions brought pursuant to § 144 where *pro se* movants failed to include a certificate of counsel. *See, e.g.*, *Cizen v. Potter Cnty. Gov.*, No. 10-185, 2010 WL 956403, at *2 (M.D. Pa. Mar. 11, 2010).

"Under either statute, the party must generally rely on extrajudicial conduct in order to demonstrate bias, thus, 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Shaikh v. McMahon*, No. 20-20008, 2023 WL 2433885, at *1 (D.N.J. Mar. 9, 2023) (quoting *Liteky*, 510 U.S. at 555). Further, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

### III.  ANALYSIS

Cresci's primary basis for recusal is the undersigned's purported professional and personal connection to the parties and non-parties in these matters. Cresci's allegations do not rise to the level of actual bias or prejudice; however, in an abundance of caution, the undersigned will recuse herself due to the slim, but conceivable chance, that an appearance of partiality may result from certain connections to these cases. *See* § 455(a); *Allen*, 230 F. App'x at 193.

#### A.  OAE Case

As for the OAE Case, Cresci claims that the undersigned's previous role as President of the New Jersey State Bar Association creates bias, prejudice, and partiality because she "endors[ed] and lobb[ied] for greater budgeting for Defendant Centinaro and Defendant McNamara's workplace." OAE Mot. at 3-4. Likewise, he argues impartiality may reasonably be questioned because "[the undersigned] has intimate knowledge of the OAE and their operations, which she views more than favorable" based on prior service as Hudson County Bar Association President. *Id.* at 5.[4] Cresci also argues that the undersigned is biased or prejudiced under § 144 by nature of her relationships with attorneys purportedly involved in these cases. *Id.* at 3. Cresci further makes reference to "ELEC Contributions made to County of Hudson employees." *Id.* at 5; *id.*, Exs. B, D.

While hardly rising to level of actual bias, the undersigned's ties to members of the New Jersey legal community with varying connections to the OAE Case might create an impression of partiality. True, "Judges are often active members of their communities" and "tangential connections to the individuals and entities involved in a particular case are not uncommon." *In re Apollo*, 535 F. App'x 169, 173 (3d Cir. 2013). "However, at some point, the scope of a judge's

---

[4] The undersigned was never president of the Hudson County Bar Association.

involvement threatens the perceived impartiality of the judiciary that § 455(a) seeks to protect." *Id.* Therefore, the Court will **GRANT** Cresci's Motion to recuse in the OAE Case.

Cresci's Motion is hardly a bastion of thoughtful concerns for impartiality. Nevertheless, the undersigned's prior role as President of the New Jersey State Bar Association did bring "her into regular contact with numerous individuals" that are involved in this lawsuit or at minimum could be called as witnesses. *Id.* at 174. The undersigned's advocacy in favor of greater budgeting for the Defendants' office in her capacity as State Bar President could also perhaps signal favoritism. "Standing alone, each one of these connections might not demand recusal," but considering them altogether, it is possible in the aggregate they create the appearance of partiality. *Id.*

### B. Arrest Case

As for the Arrest Case, Cresci similarly argues that the undersigned is partial or biased based on the undersigned's "past employment and current business, professional, and social relationships" with the County, Jersey City, Hudson County Bar Association, New Jersey State Bar, and certain attorneys. Arrest Mot. at 2-5. He also argues that the undersigned is biased against him because the undersigned's former law and business partner is employed by the County. *Id.*; *id.* Exs. C, D. Cresci finally argues, as in the OAE Case, that electoral contributions made to County employees by the undersigned and her former business partner show bias and require recusal. *Id.* at 4; *id.* Exs. B, E.

Cresci has not made the requisite showing as to actual bias or prejudice under § 144 as to any of his allegations. However, it is conceivable that some of the allegations made by Cresci could cause a reasonable person to at least question whether the undersigned can be truly impartial

9

in this case. *See Allen*, 230 F. App'x at 193. Therefore, the Court will **GRANT** Cresci's Motion to recuse in the Arrest Case.

Cresci does not proffer any meaningful connection between the New Jersey State Bar Association and the case, and the Court is aware of none. Therefore, the undersigned's previous role as President of the New Jersey State Bar Association does not support recusal. However, Cresci argues that the undersigned's impartiality might reasonably be questioned because of electoral contributions made to employees by her and her former business partner. OAE Mot., Exs. B & D; Arrest Mot. Exs. B & E.

Cresci further argues that the undersigned's alleged association with an individual employed by the County creates bias as to the Arrest Case. Arrest Mot. at 2-5; *id.* Exs. C, D. Although Cresci does not explain how this association is connected to the facts of the Arrest Case, he does allege connections to a party in the Arrest Case—the County.

Like in the OAE Case, "tangential connections to the individuals and entities involved in a particular case are not uncommon," but "at some point, the scope of a judge's involvement threatens the perceived impartiality of the judiciary that § 455(a) seeks to protect." *In re Apollo*, 535 F. App'x at 173. Here, Cresci alleges that the undersigned has close personal and business ties to an employee of the County. He further alleges the undersigned made electoral contributions to a number of individuals employed by the County. Although Cresci does not specify how these connections bias the undersigned, and although each one of these connections, on its own, may not give rise to recusal, taken together, the "scope" of the undersigned's involvement with

10

individuals connected to a party in the Arrest Case—the County—could potentially be perceived by a third-party as grounds to question the undersigned's impartiality. *See id.* at 174.[5]

### IV. CONCLUSION AND ORDER

For the reasons above, and out of an abundance of caution, **IT IS**

**ORDERED**, that Plaintiff's Motions, No. 18-16207, D.E. 53; No. 13-4695, D.E. 213, are **GRANTED** and the undersigned is **RECUSED** from these cases.

Dated: October 28, 2024

/s/ Evelyn Padin
Evelyn Padin, U.S.D.J.

---

[5] The County argues that the Arrest Motion is untimely. Arrest Opp'n at 3-4. Although § 455 does not have an express timeliness requirement, courts have "concluded that parties seeking disqualification under § 455(a) should do so in a timely manner." *In re Kensington Intern. Ltd.*, 368 F.3d 289, 312 (3d Cir. 2004). However, timeliness "is but one of the factors which engages a court's discretion in determining whether a judge shall be relieved from its assignment." *Id.* Moreover, there is nothing in the record indicating when Cresci knew of the facts giving rise to his § 455(a) argument or how his knowledge of those facts should be imputed. Without such a record, the Court concludes that this case does not present the appropriate circumstances to use its discretion to deny recusal on timeliness grounds. *See id.* at 315.