UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07102<br>973-297-4887 |

June 25, 2025

**LETTER MEMORANDUM**

Re:  *Cresci v. McNamara, et al.*,
     Civil Action No. 18-16207 (ES) (JSA)

Dear Parties:

Before the Court are two motions in the above-captioned matter. First, defendants Timothy J. McNamara and Charles Centinaro ("Defendants") move to dismiss the second amended complaint (D.E. No. 56 ("SAC")). (D.E. No. 59 ("Motion" or "Mot.")). Second, plaintiff Peter J. Cresci ("Plaintiff") appeals the October 8, 2024 Order from the Honorable Jessica S. Allen, U.S.M.J., denying Plaintiff's request to hold the briefing schedule on Defendants' Motion in abeyance pending resolution of Plaintiff's separate motion to recuse the Honorable Evelyn Padin, U.S.D.J. (D.E. No. 65 ("Appeal")). The Court decides the Motion and the Appeal without oral argument. *See* Fed. R. Civ. P. 78(b); *see also* L. Civ. R. 78.1(b). For the reasons set forth below, the Court **DENIES** Plaintiff's Appeal and **GRANTS** Defendants' Motion.

**I.   PROCEDURAL HISTORY & FACTUAL BACKGROUND**

On June 13, 2024, Judge Padin issued an Opinion and Order granting defendants' motion to dismiss the first amended complaint (D.E. No. 40 ("FAC")). (D.E. No. 49 ("June 13 Opinion" or "June 13 Op."); D.E. No. 50). In the interest of judicial economy and to preserve judicial resources, the Court incorporates by reference the recitation of allegations from the June 13 Opinion herein (June 13 Op. at 1–5) and will highlight the slim differences between Plaintiff's[1] FAC and SAC when assessing Defendants' Motion below.

As a preliminary matter, the June 13 Opinion summarized Plaintiff's claims as follows:[2]

1.   **Count I:**  Section 1983 (First Amendment Retaliation)

2.   **Count II:**  Section 1983 (False Arrest)

---

[1]   As noted in the June 13 Opinion, Plaintiff is a disbarred New Jersey attorney who continues to sign his papers as "Esq." and refers to himself as an attorney. (June 13 Op. at 1 n.1 (citing *In re Cresci*, 237 N.J. 210 (2019)); *see also* Appeal at 6).

[2]   Although the FAC, like the SAC, listed each count with letters, the June 13 Opinion used numbers and Roman numerals for ease of reference. (June 13 Op. at 4 n.4).

3. **Count III:** Section 1983 (Malicious Prosecution)

4. **Count IV:** Section 1983 (Malicious Abuse of Process)

5. **Count V:** Section 1985 Conspiracy

6. **Count VI:** Fair Debt Collection Practices Act ("FDCPA") Violation

7. **Count VII:** 15 U.S.C. §§ 6821–6823

8. **Count VIII:** New Jersey Racketeer Influenced and Corrupt Organizations Act, N.J.S.A. § 2C:41-2(c) ("RICO")

9. **Count IX:** New Jersey Civil Rights Act ("NJCRA") (Retaliation)

10. **Count X:** NJCRA False Arrest

11. **Count XI:** NJCRA Malicious Prosecution

12. **Count XII:** NJCRA Malicious Abuse of Process

(June 13 Op. at 4–5).

The June 13 Opinion and Order dismissed the Office of Attorney Ethics ("OAE"), an original defendant, *with prejudice*. (D.E. No. 50 at 1; *see also* June 13 Op. at 6–7). As a result, Plaintiff did not reassert claims against the OAE in the SAC. (*See generally* SAC). Counts I, II, III, and IV of the FAC were dismissed *with prejudice* against Defendants in their personal capacities as to any allegations relating to Plaintiff's ethics proceedings before the OAE. (D.E. No. 50 at 1). The same counts were dismissed *without prejudice* with respect to all other factual allegations. (*Id.*). Counts VI, VIII, IX, X, XI, and XII of the FAC were dismissed *without prejudice*, and Count VII was dismissed *with prejudice*. (*Id.* at 1–2).

Plaintiff had thirty days from the date of the June 13 Opinion and Order to file a second amended complaint with "facts *outside* of the ethics proceedings that pertain[ed] to [Plaintiff's] claims." (June 13 Op. at 8; *see also* D.E. No. 50 at 2). Upon Plaintiff's request, the court granted him additional time to file a second amended complaint. (D.E. Nos. 51 & 52). On July 26, 2024, Plaintiff filed the SAC. (D.E. No. 56). On September 12, 2024, Defendants filed the instant motion to dismiss the SAC in accordance with a court-imposed deadline. (D.E. No. 58; Mot.; D.E. No. 59-2 ("Mov. Br.")). On September 16, 2024, Plaintiff sought an automatic extension of the motion day pursuant to Local Civil Rule 7.1(d)(5). (D.E. No. 60). The Clerk of Court granted the automatic extension, which gave Plaintiff until October 7, 2024, to oppose Defendants' Motion. (*See id.*). On October 2, 2024, Plaintiff filed an "Agreed Motion for Adjournment/Continuance," in which Plaintiff requested that the briefing on Defendants' Motion be held in abeyance pending resolution of the motion to recuse Judge Padin. (D.E. No. 62). There, Plaintiff noted that the "court has discretion to grant a motion for adjournment/continuance[s] as part of its inherent control [of] its own docket to ensure that cases proceed before it in a timely and orderly manner." (*Id.* at 2 ¶ 4).

2

On October 8, 2024, Judge Allen denied Plaintiff's request. (D.E. No. 63 ("October 8 Order")). Specifically, Judge Allen held that Judge Padin would "issue a decision on the motion for recusal while the parties continue to brief the pending motion to dismiss." (*Id.*). Judge Allen further ordered Plaintiff to "file and serve his opposition to the motion to dismiss on or before 10/16/24." (*Id.*). On October 22, 2024, six days after Plaintiff's deadline to oppose Defendants' Motion, Plaintiff appealed Judge Allen's October 8 Order. (D.E. No. 65). To date, Plaintiff has not opposed Defendants' Motion.

On October 28, 2024, Judge Padin granted Plaintiff's motion for recusal in the instant matter and in a separate matter filed by Plaintiff. (D.E. No. 66); *Cresci v. Aquino, et al.*, No. 13-4695, D.E. No. 221 (D.N.J Oct. 28, 2024). With respect to the instant matter, Judge Padin found that "[w]hile *hardly rising to the level of actual bias*, [Her Honor's] ties to members of the New Jersey legal community with varying connections" to the underlying Office of Attorney Ethics case "*might* create an impression of partiality." (D.E. No. 66 at 8 (emphasis added)). Accordingly, Judge Padin's recusal appears to have been merely precautionary. (*See generally id.*). On October 30, 2024, Plaintiff's matters referenced above were reassigned to the Undersigned. (D.E. No. 67); *Cresci v. Aquino, et al.*, No. 13-4695, D.E. No. 222 (D.N.J. Oct. 30, 2024).

## II. PLAINTIFF'S APPEAL OF JUDGE ALLEN'S OCTOBER 8 ORDER

"Appeals from the orders of magistrate judges are governed by Local Civil Rule 72.1(c)," *McDonough v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 09-0571, 2013 WL 322595, at *2 (D.N.J. Jan. 22, 2013), and the standard of review of a magistrate judge's decision depends on whether the magistrate judge addressed a dispositive or non-dispositive issue. *Id.* On appeal of a non-dispositive order, a district court may modify or set aside the magistrate judge's decision if it was clearly erroneous or contrary to law. *Eisai Co., Ltd. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

"A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)). A ruling "is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). Conversely, if "a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." *Rhett v. N.J. State*, No. 07-1310, 2007 WL 1456199, at *2 (D.N.J. May 14, 2007). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (quoting *Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996)).

Plaintiff's Appeal fails under both standards. First, Judge Allen's order denying Plaintiff's request to hold briefing on Defendants' Motion in abeyance was not clearly erroneous or contrary

to any law.[3] Moreover, in denying Plaintiff's request, Judge Allen enlarged the existing deadline for Plaintiff to oppose Defendants' Motion from October 7, 2024, to October 16, 2024, or over one week after the October 8 Order. Nor did Judge Allen abuse her discretion. In fact, as noted above, Plaintiff conceded that Judge Allen "ha[d] discretion to grant" his request "as part of its inherent control [of] its own docket to ensure that cases proceed before it in a timely and orderly manner." (D.E. No. 62 at 2). Indeed, Judge Allen denied Plaintiff's request utilizing her discretion to do exactly what Plaintiff said: ensure that this matter proceeded notwithstanding the then-pending motion to recuse Judge Padin. For these reasons alone, Plaintiff's Appeal is **DENIED**.

Moreover, and most relevant here, on October 28, 2024, Judge Padin granted Plaintiff's motion for recusal. (D.E. No. 66). Thus, Plaintiff's purported fear that Judge Allen "set[] up a scenario wherein Judge Padin may or may not decide a 12(b)(6) motion before she decides a Recusal Motion" (D.E. No. 65 at 5), is moot. Judge Padin did, in fact, decide Plaintiff's recusal motion; thus, Defendants' Motion is before the Undersigned, and Plaintiff's Appeal is **DENIED**, in the alternative, as moot. Although more than seven months have passed since Judge Padin's precautionary recusal, Plaintiff has yet to file an opposition to Defendants' Motion. Nor has he withdrawn his Appeal or sought leave for an extension of time to file an opposition brief. Accordingly, the Court decides Defendants' Motion as unopposed.

### III. DEFENDANTS' MOTION TO DISMISS THE SAC[4]

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[3] Plaintiff cites to 28 U.S.C. §§ 445, 454, and 144 in his Appeal (D.E. No. 65 at 2), but those provisions deal with the unauthorized practice of law by judges and the statute governing the process for a litigant to seek a judicial officer's recusal. Thus, they do not support the notion that Judge Allen erred by issuing the October 8 Order.

[4] As a preliminary matter, the SAC omits claims under the FDCPA (Count VI of the FAC) and 15 U.S.C. §§ 6821–6823 (Count VII of the FAC). (*Compare* FAC at 20–23, *with* SAC at 22). For ease of reference, this Court will adopt the description of counts set forth in the June 13 Opinion and skip Counts VI and VII as omitted from the SAC. To the extent Plaintiff continues to maintain claims under 15 U.S.C. §§ 6821–6823 (Gramm-Leach-Bliley Act) or 15 U.S.C. § 1692 (FDCPA) (*see* SAC ¶¶ 68 & 70), those claims are dismissed for the same reasons set forth in the June 13 Opinion (*see* June 13 Op. at 10–11).

misconduct alleged." *Id.* (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a pro se complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally because he is proceeding pro se." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Notwithstanding the unopposed motion to dismiss, the Court finds that the SAC remains deficient under Federal Rules of Civil Procedure 12(b)(6) and 8(a). This Court has carefully compared the FAC and SAC, and finds no substantive differences in the SAC's allegations that would alter the analysis of claims in the FAC as set forth in the June 13 Opinion. (*Compare* FAC, *with* SAC; *see also* June 13 Op.). For example, among other inconsequential additions, Plaintiff alleges that in conspiring with other jurisdictions to ensure he could not practice law or make a living, Defendants "neither worked for, nor had authority to contact" those jurisdictions. (SAC ¶ 10B). Plaintiff adds that Defendants "were upset and angry that they had been sued" by Plaintiff in a separate matter. (*Id.* ¶ 14). The SAC also includes blanket assertions that Defendants "circumvent[ed] due process requirements accorded [to] a prosecutor's office, and provid[ed] statements, recordings, and evidence which violated both federal and state 4th amendment and 5th amendment constitutional protections" (*id.* ¶ 19A), and that Defendants' conduct amounted to "extortion, entrapment, and threats to other's livelihood in order to bring down Plaintiff Cresci's license to practice law, a property right" (*id.* ¶ 19B). In addition, Plaintiff includes conclusory allegations that Defendants "engaged in a pattern of racketeering" and "flouted and circumvent[ed] laws, rules, [and] statutes for the betterment of their handlers" including various non-parties to this lawsuit. (*Id.* ¶ 22A; *see e.g.*, *id.* ¶ 64 (alleging that Defendants along with various non-parties "constitute[d] an enterprise affecting trade or commerce")). Without further context or additional alleged facts, Plaintiff also maintains that Defendants "remitted payments to local politicians, law firms, insurance funds, insurance carriers, city government, police department, and county government, in order to effectuate the conspiracy and acts against the Plaintiff and his property." (*Id.* ¶ 69).

None of the allegations—new or old—in the SAC meet the pleading standards for Plaintiff's various claims as stated and analyzed in the June 13 Opinion; nor do they cure the pleading deficiencies aptly described therein. (*See generally* June 13 Op.). Specifically, none of the new allegations appear to relate to anything other than Plaintiff's grievances associated with

his ethics proceedings, which relate to claims the court has already dismissed, and do not cure the deficiencies outlined in the June 13 Opinion. (*See id.* at 8 (providing Plaintiff an opportunity to amend his allegations "to the extent there are facts *outside* of the ethics proceedings that pertain to [his] claims")). Thus, this Court similarly finds that Plaintiff's "allegations lack basic information, including dates, individuals, or other details explaining Defendants' alleged rights violations." (*Id.* at 7). It remains true that this Court "cannot discern what confinement [Plaintiff] refers to; where, when, or any other context" and that the "same [remains] true of his other conclusory allegations." (*Id.* at 8).

Furthermore, the SAC also includes what appears, at first glance, to be a new count for alleged violation of "ART 1, THE CONSTITUTION OF THE STATE OF NEW JERSEY (NJCRA; Free Speech, Retaliation & Chilling Effect)." (SAC at 22 (Count G)). However, this claim and its corresponding allegations are duplicative of those that comprise Count IX for alleged retaliation under the NJCRA as described and analyzed in the June 13 Opinion. (*Compare* SAC ¶¶ 56–63, *with* FAC ¶¶ 47–53). Although difficult to decipher, to the extent the SAC incorporates new allegations regarding purportedly "selective investigations and prosecutions" that "depriv[ed] Plaintiff Cresci of life, liberty and pursuit of being able to pursue his chosen profession" (SAC ¶ 59), these allegations do not alter the analysis of Count IX as set forth in the June 13 Opinion. (*See* June 13 Op. at 8–9 (noting that "the NJCRA is interpreted co-extensively with Section 1983," such that the June 13 Opinion assessed and dismissed Counts IX, X, XI, and XII *without prejudice* for failure to plead retaliation apart from conduct related to Plaintiff's ethics proceedings)). As best as this Court can decipher and as noted above, Plaintiff's new allegations in the SAC relate to his ethics proceedings. To the extent any allegations can be interpreted as unassociated with those proceedings, they are conclusory and do not state a claim for retaliation. (*See* SAC ¶¶ 56–53).

Finally, Plaintiff includes additional citations to various statutes subsumed under his claim for alleged violation of New Jersey's RICO statute (Count VIII). Specifically, Plaintiff cites "18 U.S.C. §[]666 (illegal taking of financial resources); 18 U.S.C. 1030; 18 U.S.C. 2511; 18 U.S.C. 2701; 18 U.S.C. 1343." (SAC ¶ 66; *see id.* ¶¶ 68 & 70). These statutes respectively cover the following: (i) "[t]heft or bribery concerning programs receiving Federal funds"; (ii) "[f]raud and related activity in connection with computers"; (iii) "[i]nterception and disclosure of wire, oral, or electronic communications prohibited"; (iv) "[u]nlawful access to stored communications"; and (v) "[f]raud by wire, radio, or television." Notwithstanding whether these statutes provide any private rights of action, without further factual averments that correspond to these specific statutes, and because the SAC does not establish how, if at all, these statutes pertain to Plaintiff's New Jersey RICO claim, the Court finds that they do not move the needle with respect to Count VIII or any of Plaintiff's other claims.

In sum, this Court finds Plaintiff's SAC fails to cure the deficiencies identified in the June 13 Opinion and Order and otherwise fails to state any claim against Defendants. Indeed, none of the new allegations in Plaintiff's SAC change the analysis and decision in the June 13 Opinion and Order. Thus, for the reasons set forth in the June 13 Opinion and for the additional reasons set

forth herein, Plaintiff's SAC must be dismissed.

### IV.    CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Appeal (D.E. No. 65) is **DENIED** and Defendants' unopposed Motion (D.E. No. 59) is **GRANTED**. Moreover, because the June 13 Opinion provided Plaintiff with "a final opportunity" to amend (June 13 Op. at 14), the Court **DISMISSES** the entirety of Plaintiff's SAC *with prejudice*. An appropriate Order accompanies this letter memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
